IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| FERNANDO VIGIL FERNANDEZ and | : | Chapter 7 |
| CLARISSE PIOVANETTI | : | |
| | : | |
| Debtors | : | Case No.: 12-08024-ESL7 |
| | : | |
| UNITED STATES FIDELITY AND | : | Adversary No.: 13-00140 ESL |
| GUARANTY COMPANY | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| FERNANDO VIGIL FERNANDEZ and | : | |
| CLARISSE PIOVANETTI | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S RESPONSE TO RULE TO SHOW CAUSE**

COMES NOW, Plaintiff, United States Fidelity and Guaranty Company, ("USF&G"), by and through its undersigned counsel, DeVlieger Hilser, P.C., hereby submits this response to this Court's Order of November 15, 2013, directing Plaintiff to show cause why this case should not be dismissed for failure to serve summons on Defendants, Fernando Vigil Fernandez and Clarisse Piovanetti, (hereinafter collectively "the Vigils").

1. On Monday, October 8, 2012, (the "Petition Date"), at 6:54 p.m. the Vigils' filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code with this Court. Said Petition was then assigned to Case No. 12-08024, ("Vigil BR" and "the bankruptcy proceeding.").

2. Teresa M. Lube-Capó, Esquire filed the Petition on behalf of the Vigils and has

been counsel of record for the Vigils with respect to the bankruptcy proceeding since the Petition Date.

3. The Vigils are Co-Defendants in a civil action currently pending in the United States District Court for the District of Puerto Rico before the Honorable Jose Antonio Fuste at 11-cv-01210-JAF, ("the Santolaya Suit").

4. The Vigils' Bankruptcy Petition was submitted approximately sixteen (16) hours prior to trial commencing in the Santolaya Suit. Indeed, trial in the Santolaya Suit, which has been in the making for approximately a decade, was scheduled to begin at 9:00 a.m. on Tuesday, October 9, 2012.

5. On October 10, 2012, this Court issued a Notice of a Deficient Filing and Notice of Possible Dismissal to the Vigils for failure to submit a list of their twenty (20) largest unsecured creditors. (Vigil BR, Docket No. 6).

6. On November 7, 2012, the Vigils submitted their Summary of Schedules and Statement of Financial Affairs. (Vigil BR, Docket Nos. 20 and 21).

7. On December 3, 2012, this Court held that the Vigils' Disclosure Statement and Plan were due by February 6, 2013. (Vigil BR, Docket No. 28).

8. On February 6, 2013, the Vigils' filed a "Motion Requesting Extension of Time to file Disclosure Statement and Plan of Reorganization. (Vigil BR, Docket No. 39).

9. On February 14, 2013, this Court entered an Order granting the Vigils' request for an extension of time. The Order gave the Vigils an extension until February 20, 2013 to file their Disclosure Statement and Plan of Reorganization. (Vigil BR, Docket No. 44).

10. On March 19, 2013, USF&G filed a Motion to Dismiss the Vigils' Petition

pursuant to *11 U.S.C. § 1112(b)*. (Vigil BR, Docket No. 50).

11. On March 28, 2013, the Vigils' moved to convert their bankruptcy proceeding from Chapter 11 to Chapter 7 and an Order granting conversion was issued by this Court that same day. (Vigil BR, Docket Nos. 54 and 55).

12. Upon the conversion to a Chapter 7 proceeding, a hearing scheduled for April 9, 2013 regarding USF&G's Motion to Dismiss was vacated and set aside. (Vigil BR, Docket No. 61).

13. On April 29, 2013, the Vigils' filed Amended Schedules A, C, I and J. (Vigil BR, Docket Nos. 69 and 70).

14. On May 29, 2013 the Chapter 7 Trustee assigned to this matter conducted the meeting of creditors pursuant to *11 U.S.C. § 341*, (the "341 Meeting").

15. On that same date, the Chapter 7 Trustee submitted a "Report of No Distribution" wherein the Chapter 7 Trustee stated that (a) there is no property available for distribution from the estate over and above that exempted by law and (b) the estate has been fully administered, and (c) requested that he be discharged from any further duties as Chapter 7 Trustee. (Vigil BR, Docket No. 81).

16. On May 30, 2013, Notice of the Chapter 7 Trustee's Report of No Distribution was issued to creditors in this matter. Pursuant to Rule 5009 of the Federal Rules of Bankruptcy Procedure, parties-in-interests had 30 days from the issuance of the Notice issued on May 30th to file any objections or responses to said Report. (Vigil BR, Docket No. 82).

17. On June 28, 2013, USF&G filed a Motion to Dismiss the Vigils' Chapter 7 Case Pursuant to *11 U.S.C. § 707(A)*. (Vigil BR, Docket No. 84).

3

18. On that same date, USF&G initiated this action through the filing of an Adversary Complaint against the Vigils. (Docket No. 1).

19. A copy of said Adversary Complaint was issued to all CM-ECF participants registered to receive notices in the bankruptcy proceeding, including Ms. Lube-Capó, on June 28, 2013. (Vigil BR, Docket No. 86).

20. On July 1, 2013, Summonses were electronically issued by the Clerk of the Court. (Docket Nos. 4 and 5).

21. Shortly thereafter, this Honorable Court issued an Order and Notice setting a Preliminary Pretrial Conference and Scheduling Conference in this matter. (Docket No. 6).

22. On or about July 3, 2013, a copy of the Adversarial Complaint and Summonses was to be sent to the Vigils via first class mail, postage prepaid, at Call I #18, Villa Caparra, Guaynabo, Puerto Rico, 00966.

23. The Motion to Dismiss the Vigils' Chapter 7 Petition contained thirty (30) day Notice to the Vigils consistent with Local Bankruptcy Rule 9013-1(c)(2)(f). (Vigil BR, Docket No. 86).

24. The deadline to respond to the Motion to Dismiss came and passed without the Vigils' ever submitting any form of response or opposition to the same.

25. On July 30, 2013, this Court issued an Order resetting the Pretrial Conference to November 15, 2013 at 10:00 a.m. (Docket No. 9).

26. On August 5, 2013, this Court issued an Order in the bankruptcy proceeding advising that a hearing was scheduled on November 15, 2013 at 10:00 a.m. Said hearing was related to USF&G's Motion to Dismiss the Chapter 7 Petition, the Trustee's Report of No

4

Distribution and USF&G's Response to Trustee's Report of No Distribution. (Vigil BR, Docket No. 87).

27. As the November 15, 2013 hearing date approached there was no response from the Defendants regarding the Preliminary Pretrial Conference and Scheduling Conference.

28. As noted above, Plaintiff was aware that Ms. Lube-Capó had been issued a copy of the Adversary Complaint on June 28, 2013 as the same also appears on the docket in the Vigils' bankruptcy proceeding. (Vigil BR, Docket No. 86).

29. Furthermore, by early August of 2013 it became apparent that the hearing in the bankruptcy proceeding was set to take place at the exact time, place and date as the hearing in this adversarial proceeding. (See Docket No. 9 and Vigil BR Docket No. 87).

30. On November 15, 2013 aforementioned hearings took place in this matter.

31. Ms. Lube-Capó appeared at the hearing on behalf of the Vigils.

32. Ms. Lube-Capó argued on behalf of the Vigils with respect to the unopposed Motion to Dismiss the Chapter 7 Petition.[1]

33. Indeed, on Page No. 28 of USF&G's Motion to Dismiss, the following Notice was issued:

> Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other part to the action who objects to the relief sought herein, **shall serve and file an objection or other appropriate response** to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. **If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed** and

---

[1] Pursuant to LBR 9013-1(c), the Vigils' failure to serve and file and objection or other appropriate response to the Motion to Dismiss made the same unopposed.

5

may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

See Vigil BR, Docket No. 84, pg. 28. (Emphasis Added).

34. Ms. Lube-Capó stated that she would have to review the terms of her engagement agreement with the Vigils to ascertain if she was also representing them in this adversary proceeding.

35. Ms. Lube-Capó verbally requested that USF&G's Adversary Complaint be dismissed but did not acknowledge that she was the Vigils' counsel in this instant matter.

36. Indeed, the Vigils have not moved to dismiss the Adversary Complaint.

37. Plaintiff's Counsel acknowledged that he did not have proof of service during the November 15th hearing and requested that an additional thirty (30) days be provided to address this issue.

38. As noted above, the Summonses were issued in this matter on July 1, 2013. (Docket Nos. 4 and 5).

39. Plaintiff's request for the additional thirty (30) days to address this issue was made on November 15, 2013. At that time, seventeen (17) days had passed from the period allocated to effectuate service under *Fed.R.Civ.P. 4(m)*.

40. On November 15, 2013, this Court issued an Order directing Plaintiff to show cause within fourteen (14) days why the Adversary Complaint should not be dismissed . (Docket No. 12).

41. *Fed.R.Civ.P. 4(m)* states, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant **or order that service be made within a specified time**. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* (Emphasis Added).

42. *Fed.R.Civ.P. 41*, made applicable to adversary proceedings pursuant to Bankruptcy Rule 7041, provides that a court may dismiss an adversary proceeding with prejudice for failure to prosecute or comply with the Rules or a court order. *See Fed.R.Civ.P. 41(b). See also, Fed. R. Bankr.P. 7041*.

43. A dismissal with prejudice is a harsh sanction, and a court must balance it's authority to impose such a sanction against the policy considerations favoring disposition of the case on the merits. *See Torres–Alamo v. Puerto Rico*, 502 F.3d 20, 25 (1st Cir.2007).

44. When balancing these interests, a court is to give weight to substantive elements of the sanction, including:

> the severity of the party's violation, length of delay, mitigating excuses, repetition of the violations, deliberateness of misconduct, prejudice to the other side and to operations of the court, other aggravating circumstances, and adequacy of other sanctions, as well as procedural elements, such as notice and the opportunity to be heard.

*Id. See also, Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 43 (1st Cir.2007).

45. The First Circuit Court of Appeals has held that "extremely protracted inaction" is measured in years as opposed to months. *Malot, supra at* 44.

46. Pursuant to the express language of *Fed.R.Civ.P. 4(m)*, if good cause is shown,

7

"the plaintiff is entitled to a mandatory extension." *See In re PMC Marketing Corporation*, 2013 WL 3788582 (Bankr.D.P.R. 2013) *citing Mann v. American Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003) and *Efaw v. Williams*, 473 F.3d. 1038, 1040 (9th Cir. 2007).

47. Indeed, this Court has held "at a minimum, good cause means excusable neglect." *In re PMC, supra at* *1. *Citing Goldstein v. Faulkner Hosp.*, 2013 WL 2149682 (D.Mass. May 14, 2013); *Boudette v.Barnette*, 923 F.2d 754, 756 (9th Cir.1991).

48. Good cause "typically means that service had been attempted but cannot be completed because plaintiff is either confused about the requirements of service or that plaintiff cannot service the defendant because of factors beyond her control." *See In re PMC, supra at* *1.

49. In this instant matter, Plaintiff prepared the Complaint and Summonses to be served via first class mail on July 3, 2013.[2]

50. Plaintiff's Counsel further took note that *Fed. R. Bankr.P. 7005(g)* is titled "Service On Debtor's Attorney" and states:

> If a debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) F.R.C.P.

*Id.*

51. As noted above, in their capacities as debtors, the Vigils are clearly represented by Ms. Lube-Capó in the bankruptcy proceeding.

52. Moreover, a copy of the Adversary Complaint was issued to Ms. Lube-Capó on

---

[2] In retrospect, Plaintiff would have been better served to send the Adversary Complaint and Summons via Certified Mail in order to refute any claims related to receipt of service. However, as this Court noted in *In re Laboy*, 2010 WL 427780 (Bankr.D.P.R. 2010) "Rule 7004 governing service of process in adversary proceedings significantly abbreviates the procedures permitting service of a summons and complaint by first class mail. Unlike the Federal Rules of Civil Procedure, no acknowledgment of receipt of service is required under the Federal Rules of Bankruptcy Procedure. Id at *8.

8

June 28, 2013 through this Court's the CM-ECF system. (Vigil BR, Docket No. 86).

53. Unlike the plaintiff in *In re PMC, supra*, USF&G has not received a prior extension in this instant matter.

54. Indeed, USF&G respectfully submits that a seventeen (17) day delay in effectuating service upon the Vigils in this instant matter when no prior extensions have been issued is not analogous to situations where a plaintiff has requested and received multiple opportunities to effectuate service but failed to do so. *See e.g. In re Rodriguez Gonzalez* 396 B.R. 790 (1st Cir.BAP 2008), (plaintiff's adversary complaint filed on August 24, 2005, plaintiffs' counsel failed to appear at first pre-trial hearing in October of 2005 without explanation, plaintiffs' receive a reissued summons in February of 2006 but inform Court at second pre-trial hearing the following June that not all defendants have been served and an amended complaint needs to be filed over five months after adversary complaint is filed, plaintiffs fail to comply with order issued on June 6, 2006 which advised that complaint would be dismissed with prejudice if plaintiffs' did not amend the complaint and serve all defendants within thirty days, third summons issued in January of 2007). *See also, Feliz v. MacNeill*, 493 Fed.Appx. 128 (1st Cir. 2012), (plaintiff obtained numerous extensions but treated deadlines for effecting service as though they meant nothing, 426 days had passed between time complaint was filed and case was dismissed).

55. A court "is not required to dismiss a defendant when service is not made within the 120–day deadline." Rather, the court "has the option to "order that service be made within a specified time." *See Crispin-Taveras v. Municipality of Carolina*, 647 F.3d 1, 7 (1st Cir. 2011).

9

56. In 1993, the predecessor to what is now Fed.R.Civ.P. 4(m) was re-designated and amended to give court's the discretion to "direct that service be effectuated within a specified time" even in the absence of good cause. *See e.g., Panaras v. Liquid Carbonic Industries Corp.*, 94 F.3d 338 (7th Cir. 1996), (holding that the 1993 amendment grants discretion to extend the time for service of process). *See also, In re Laboy, supra* at *9, (if there is no good cause, the court has the discretion to dismiss without prejudice or extend the time period).

57. Furthermore, a majority of the other circuits that have considered the effect of the 1993 amendment to Rule 4 have held that the 1993 amendment permits a district court to exercise discretion under Rule 4 to extend the time for service of process, even where the plaintiff has not shown good cause for his failure. *See Mann v. American Airlines*, 324 F.3d 1088 (9th Cir.2003); *Panaras, supra* at 340 (Seventh Circuit); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298 (3d Cir.1995); *Thompson v. Brown*, 91 F.3d 20 (5th Cir.1996); *Espinoza v. United States*, 52 F.3d 838 (10th Cir.1995) and *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129 (11th Cir. 2005).

58. As this Court has noted what is "good cause" varies in each case but "attempting to locate and serve the defendant **and lack of prejudice to the defendant by reason of the delay are factors.**" *See In re Laboy, supra* at *9. (Emphasis Added). *Citing Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy* ¶ 7004.02[13] (15th ed. 2009).

59. There is no suggestion before this Court that Plaintiff did not attempt to locate and serve the Vigils.

60. Indeed, the first time that Plaintiff's Counsel was ever advised that the Vigils' disputed receiving the Summons and Adversary Complaint was at the hearing on November 15,

2013.

61. Moreover, this Court inquired at the hearing on November 15, 2013 whether Plaintiff had proof of service and Plaintiff's Counsel affirmatively noted that he did not.

62. This Court noted, however, in February of 2010, that Fed. R. Bankr.P. 7004 "does not require proof of actual receipt...unlike the Federal Rules of Civil Procedure, no acknowledgment of receipt of service is required under the Federal Rules of Bankruptcy Procedure." *In re Laboy, supra* at *8 and 9. *Citing Moglia v. Lowitz & Sons,* 359 B.R. 893, 898 (Bankr.N.D.Ill.2007) and *In re Vincze*, 230 F.3d 297, 299 (7th Cir.2000).

63. As such it is respectfully submitted that the conclusion that service was not made or attempted to be made is not consistent with the *In re Laboy's* reference to acknowledgment of receipt not being required under Fed. R. Bankr.P. 7004.

64. The only suggestion that the Vigils have not been issued a copy of the Summons and Complaint in this matter came from Ms. Lube-Capó who has not confirmed that she is representing the Vigils in this adversary proceeding.

65. Plaintiff's Counsel cannot contest this assertion. What Plaintiff's Counsel can do, however, is make clear to this Court that the first occasion where he was informed that the Vigils had not received the Summons and Complaint was on November 15, 2013.

66. Respectfully, this Court expressly noted to Plaintiff's Counsel at the hearing in mid-November that:

> There is acrimonious litigation pre-petition between your client,
> the debtors and their related corporation. That is a fact.

*See* Vigil BR, Docket No. 9, audio recording starting at minute 37.

11

67. As this Court clearly is aware, the long and storied history of this matter certainly does not support an inference that Plaintiff would not serve the Vigils in this instant matter.

68. Moreover, the hearing related to USF&G's Motion to Dismiss the Vigils' Chapter 7 Petition and the Preliminary Pretrial Conference were both set to take place on November 15, 2013 at 10:00 a.m. (*See* Docket No 9 and Vigil BR Docket No. 87).

69. The Vigils did not oppose this Motion to Dismiss and it is respectfully submitted that the Vigils' cannot claim to be prejudiced by claiming that they did not receive the Summons and Complaint before November 15, 2013 as there would not be a discharge of the bankruptcy proceedings while the Motion to Dismiss is pending.

70. Indeed, USF&G did not have an opportunity to have a hearing after its Motion to Dismiss the Vigils' Chapter 11 Petition was filed on March 19, 2013 because the Vigils then converted their bankruptcy to a Chapter 7 proceeding on March 28, 2013.

71. It is also respectfully submitted that the Vigils' have received multiple extensions in their bankruptcy proceeding. *(See* Vigil BR, Docket Nos. 15, 43 and 44).

72. Conversely, the first occasion wherein Plaintiff requested a brief extension was when in any of the Vigil related proceedings was on November 15, 2013.

74. Furthermore, when this request was submitted, a total of seventeen (17) days had passed from the 120 day period from when the Summonses were issued in this instant matter.

75. There has been no suggestion that USF&G has disregarded an Order of this Court or committed repetitive violations.

76. There is also no suggestion that USF&G committed any type of misconduct–deliberate or otherwise.

77. Respectfully, there are no aggravating circumstances which would favor dismissal of this Adversary Complaint.

78. Indeed, "dismissal is among the most severe of sanctions...it should not be viewed either as a sanction of first resort or as an automatic penalty..." *See Velazquez Linares v. U.S.*, 546 F.3d 710, 711 (1st Cir. 2008). *Citing Young v. Gordon*, 330 F.3d 76, 81 (1st Cir.2003).

**WHEREFORE**, by reason of the foregoing, United States Fidelity and Guaranty Company respectfully requests that this Court allow the Summons to be reissued in this matter and provide the Plaintiff with an additional sixty (60) days to effectuate service upon the Defendants.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, on November 25, 2013.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date I electronically filed the foregoing with the Clerk of this Court using the CM-ECF system which will send notification of such filing to all CM-ECF participants registered to receive notices in the case at bar, including Debtor's Counsel of Record, the Appointed Trustee and the U.S. Trustee.

**I FURTHER CERTIFY** that on November 25, 2013, a copy of the foregoing Response was served, via overnight mail, on the following Defendants who are currently identified as acting *Pro Se* in this matter on the Court's Docket:

**FERNANDO VIGIL FERNANDEZ and
CLARISSA PIOVANETTI LOPEZ DE VICTORIA
CALLE 1 NO 18
VILLA CAPARRA NORTE
GUAYNABO, PR 00966**

                                      **DEVLIEGER HILSER P.C.**

                                      */s/ Paul T. DeVlieger*
                                      PAUL T. DEVLIEGER, ESQUIRE (222501)
                                      1518 Walnut Street, 16th Floor
                                      Philadelphia, PA 19102
Dated: November 25, 2013          (215) 735-9181 pdevlieger@dvhlaw.com