IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | |
| FERNANDO VIGIL FERNANDEZ | CASE NO. 12-08024 ESL |
| CLARISSA PIOVANETTI LOPEZ DE VICTORIA | CHAPTER 7 |
| Debtor(s) | ADVERSARY NO. 13-00140 ESL |
| UNITED STATES FIDELITY AND GUARANTY COMP | |
| Plaintiff | |
| FERNANDO VIGIL FERNANDEZ CLARISSA PIOVANETTI LOPEZ DE VICTORIA | FILED & ENTERED ON 11/27/2013 |
| Defendant(s) | |

### AMENDED ORDER

The motion filed by Plaintiff (docket #15) is hereby DENIED. Plaintiff's motion again recounts the travel of the bankruptcy case but fails to address the reason(s) or cause(s) that justify the failure to serve summons on the defendants within 120 days, as required by Fed. R. Civ.P. 4(m), made applicable to adversary proceedings by Fed. R. Bankr. P. 7004. It is uncontested, and plaintiff so admitted at the pretrial held on November 15, 2013, that service on the defendants had not been performed. As stated at the hearing, a cross reference in the bankruptcy docket to the filing of a related adversary proceeding, which was electronically noticed to debtor' counsel, does not constitute service on the defendants. The court notes that the pretrial scheduled for October 18, 2013 was indeed rescheduled to November 15, 2013, but was so at the request of the plaintiff. Intensity of contested matters in the bankruptcy petition does not excuse the failure to serve summons of the

complaint objecting to the dischargeability of plaintiff's claim, which is a time sensitive action. The court further notes that plaintiff did not request an extension of time to serve summons prior to the expiration of the 120-day period. Dismissal under Rule 4(m) is generally without prejudice, and this court is not specifically deviating from said principle. However, if dismissal affects the timeliness of a subsequent filing, is a matter to be raised and considered if and when another action is filed. Judgment will be entered dismissing the adversary proceeding for failure to serve summons within 120 days as required by Fed. R. Civ.P. 4(m), made applicable to adversary proceedings by Fed. R. Bankr. P. 7004.

    SO ORDERED.

    San Juan, Puerto Rico, this 27 day of November, 2013.

                                Enrique S. Lamoutte Inclan
                                  U.S. Bankruptcy Judge

CC:   DEBTOR(S)
      FERNANDO VIGIL FERNANDEZ
      CLARISSA PIOVANETTI LOPEZ DE VICTORIA